IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| V.  § | No. 3:13-cr-415-L (01) |
| § | |
| ANTHONY MINOR  § | |
| (BOP Register No. 47451-177),  § | |
| § | |
| Defendant.  § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Anthony Minor, a federal prisoner, has filed a *pro se* Motion and Extraordinary Request for New Trial Based on Newly Discovered Evidence [Dkt. No. 396], which United States District Judge Sam A. Lindsay has referred to the undersigned United States magistrate judge for hearing, if necessary, and for submission of proposed findings and recommendations for disposition of the motion. *See* Dkt. No. 397. The undersigned issues these findings of fact, conclusions of law, and recommendation that the Court should deny the motion.

**Applicable Background**

As reflected in the decision of the United States Court of Appeals for the Fifth Circuit affirming Minor's March 19, 2015 criminal judgment,

> [a]n employee of Fannie Mae named Katrina Thomas misappropriated personal identification information from approximately one thousand individuals. Thomas gave this identification information to Minor, who used the data to access – and steal money from – those individuals' bank accounts. Specifically, Minor would contact the bank, pretend to be an individual whose identity he had misappropriated, and then transfer money from that individual's account into a separate account which

-1-

> Minor controlled.
>
> A jury found Minor guilty of[:"(1) bank fraud; (2) aiding and abetting bank fraud; (3) conspiracy to commit bank fraud; (4) using or trafficking in an unauthorized access device; (5) aggravated identity theft; and (6) aiding and abetting aggravated identity theft."] The district court imposed a below-Guidelines sentence of 192 months' imprisonment.

*United States v. Minor*, 831 F.3d 601, 603 & n.1 (5th Cir. 2016).

The Federal Public Defender for the District (the "FPD") represented Minor in the criminal proceedings in this Court, *see* Dkt. No. 10 (Nov. 25, 2013 order appointing the FPD), and the FPD continues to represent Minor on direct appeal, *see generally Minor*, 831 F.3d 601; *Minor v. United States*, No. 16-6699 (U.S. Dec. 1, 2016) (reflecting that Minor's petition for writ of certiorari, docketed by the United States Supreme Court on November 2, 2016, was distributed for conference of January 6, 2017).

## Legal Standards and Analysis

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). "Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case." FED. R. CRIM. P. 33(b)(1); *see United States v. Redd*, 355 F.3d 866, 880 (5th Cir. 2003) (a district court "does, nevertheless, have jurisdiction to 'entertain the motion and either deny the motion on its merits, or certify its intention to grant the motion to the Court of Appeals, which could then entertain a motion to remand the case'" (quoting *United*

*States v. Cronic*, 466 U.S. 648, 667 n.42 (1984))).

> For a new trial on the basis of newly discovered evidence, a defendant must demonstrate that
>
> > (1) the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) failure to detect the evidence was not due to a lack of diligence by the defendant; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence introduced at a new trial would probably produce an acquittal.

*United States v. Reedy*, 304 F.3d 358, 372 (5th Cir. 2002) (quoting *United States v. Lowder*, 148 F.3d 548, 551 (5th Cir. 1998)). "All elements need to be proved in order to receive a new trial based on newly discovered evidence." *United States v. Castaneda*, 548 F. App'x 140, 144 (5th Cir. 2013) (citing *United States v. Wall*, 389 F.3d 457, 467 (5th Cir. 2004)).

If a defendant's motion for a new trial is "grounded on any reason other than newly discovered evidence," it "must be filed within 14 days after the verdict or finding of guilty." FED. R. CRIM. P. 33(b)(2).

To begin, because Minor continues to be represented by counsel, he is "not entitled to file a *pro se* motion on his own behalf," as there is no "'constitutional right to hybrid representation.'" *United States v. Alvarado*, 321 F. App'x 399, 399 (5th Cir. 2009) (quoting *United States v. Ogbonna*, 184 F.3d 447, 449 n.1 (5th Cir. 1999)). The motion for a new trial is therefore improper and is properly denied on this ground alone. *See United States v. Long*, 597 F.3d 720, 729 (5th Cir. 2010) ("Long also appeals the district court's failure to address this October 3, 2008 *pro se* motion based on the

Speedy Trial Act. At the time, Long was represented by counsel, so the trial court properly struck his *pro se* motion."); *United States v. Fuller*, No. 01-50891, 46 F. App'x 732, 2002 WL 1973824, at *1 (5th Cir. Aug. 2, 2002) ("Although Fuller raised his ineffective-assistance allegations in a *pro se* motion filed in the district court, he was not entitled to hybrid representation."); *see generally United States v. Mikolajczyk*, 137 F.3d 237, 246 (5th Cir. 1998) ("This court has held that a defendant's statutory right to choose pro se or attorney representation is 'disjunctive'; a defendant has a right to one or the other, but not a combination of the two." (quoting *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978)).

But, even if the Court considers the substance of the improper *pro se* motion, it still should be denied.

Minor attempts to demonstrate that he is entitled to a new trial by alleging that an investigator with the Dallas County District Attorney's Office, Grant Jack, gave a false statement to a United States Secret Service agent. *See, e.g.*, Dkt. No. 396 at 2 (asserting that hotel security chief "Will Crains' testimony in Minors' trial completely contradicted the very specific observations attributed to him in Agent Moores' affidavit. When Agent Moore was questioned about the false statement it was revealed that the information had been relayed to him during a conversation which involved Will Crain, and other D.A. Investigators. In fact the false information that was passed to A.C. Moore in order to obtain the search warrant for Minors['s] vehicle came directly from Investigator Grant Jack. There is no disputing the fact that Grant Jack wrote the state

arrest warrant affidavit. It also should be noted that the state arrest warrant affidavit omitted the false statement which was attributed to Will Crain in Agent Moores affidavit." (citation omitted)).

It appears that the newly discovered evidence supporting this allegation is an undated news article documenting that Jack had been "accused of offering a confidential informant favors in return for sex, as well as sharing information about ongoing investigations with her, according to previously sealed court records obtained by [that news organization]." *Id.* at 6-7. In the context of Minor's motion, this evidence, even if considered newly discovered, is, at most, "merely ... impeaching" and does not support Minor's claim concerning Jack's alleged role in his prosecution, and, as such, Minor has failed to show that this evidence, if "introduced at a new trial," "would probably produce an acquittal." *Reedy*, 304 F.3d at 372.

Furthermore, the Fifth Circuit addressed Minor's current allegation, in the context of his request for a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), "to determine whether law enforcement officials improperly obtained a search warrant for his vehicle," *Minor*, 831 F.3d at 603, a request the Fifth Circuit declined to consider, after setting out the following background:

> Minor claims that the agent assigned to his case, Albert Moore, may have provided false information to the magistrate judge when obtaining the search warrant for Minor's vehicle. Agent Moore averred in the warrant affidavit that Will Crain, the director of security at a hotel frequented by Minor, reported that he had seen Minor carrying merchandise between his hotel room and his vehicle on multiple occasions. The magistrate judge accepted Agent Moore's representation and issued the search warrant, which ultimately revealed evidence of Minor's crimes.

> According to Minor, however, Crain testified at trial that he did *not* in fact see Minor carrying merchandise between his hotel room and his vehicle. Minor therefore requests a hearing to determine whether Agent Moore's warrant affidavit contained false information.

*Id.* at 604 (emphasis in original); *see also id.* at 604 n.6 ("Minor recognizes that Crain is a private citizen, not a law enforcement official. Minor nonetheless maintains that a district attorney investigator named Grant Jack may have provided Agent Moore with false information regarding whether Crain saw Minor transferring merchandise to and from his vehicle. He desires a hearing to determine whether Investigator Jack conveyed false information to Agent Moore.").

## Recommendation

The Court should deny the *pro se* Motion and Extraordinary Request for New Trial Based on Newly Discovered Evidence [Dkt. No. 396].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 20, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE